UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Docket No. **08 MJ 1554** |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| **Pablo LUNA-Flores,** | ) | Deported Alien Found in the United States |
| | ) | |
| Defendant | ) | |

The undersigned complainant, being duly sworn, states:

On or about **May 15, 2008** within the Southern District of California, defendant, **Pablo LUNA-Flores,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **19th** DAY OF **MAY, 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**Pablo LUNA-Flores**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On May 15, 2008, at approximately 9:30 p.m., Border Patrol Agent L. Nye was patrolling the Brown Field area of responsibility when he responded to a sensor activation in his assigned area. Agent Nye drove to the area of the sensor and was able to follow the footprints of a group of five individuals. Agent Nye encountered the group a short time later. Agent Nye encountered the group in an area located approximately 3 miles north and 12 miles east of the Otay Mesa, California Port of Entry.

Agent Nye identified himself as a Border Patrol Agent and questioned each individual as to their citizenship and legal right to be in the United States. Each individual including one later identified as the defendant **Pablo LUNA-Flores** stated that they are citizens of Mexico and did not possess any documents that would allow them to remain in the United States legally. Agent Nye placed all five individuals under arrest and transported them to the Brown Field Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **August 15, 2000** through **Paso Del Norte, Texas**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.

**Executed on May 17, 2008 at 10:00 a.m.**

Irene S. Aguirre
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 15, 2008**, in violation of Title 8, United States Code, Section 1326.

Anthony J. Battaglia
United States Magistrate Judge

5/17/08   12:05 pm
Date/Time